**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 31, 2022

LETTER TO PARTIES

RE: *Dee F. v. Kijakazi*
Civil No. SAG-21-3270

Dear Plaintiff and Counsel:

On December 23, 2021, Plaintiff, proceeding *pro se*, filed a Petition for Writ of Mandamus (the "Petition"), asking this Court to order the Social Security Administration ("SSA" or "Commissioner" or "Defendant") to reconsider and/or formally review the Commissioner's determination as to the amount of her Title XVI Supplemental Security Income ("SSI"). ECF No. 1. The Commissioner filed an opposition to the petition; a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), or, in the alternative, for Summary Judgment pursuant to FRCP 12(d) and 56; and an accompanying memorandum (collectively "the Opposition/Motion"). ECF Nos. 12, 12-1. I have carefully reviewed the parties' filings, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Plaintiff's Petition must be denied.

Plaintiff was recently released from federal prison after completing a three year sentence for fraudulently receiving SSI program benefits. *See* Pl.'s Pet. ¶¶ 8–10, ECF No. 1; Def.'s Mem. Supp. Mot. 2–3, ECF No. 12-1. Plaintiff was to pay $49,442.68 in restitution to the SSA, payable in monthly installments of $5.00. *Id.* After her release from prison, Plaintiff filed a claim for SSI. Pl.'s Pet. ¶ 11, ECF No. 1; Def.'s Mem. Supp. Mot. 3, ECF No. 12-1. Although the SSA determined that Plaintiff met the eligibility requirements for SSI and issued a notice of award approving her application, the amount of SSI "would be reduced, beginning in September 2020, because she received $775 each month in cash assistance from her mother to pay rent." Def.'s Mem. Supp. Mot. 3, ECF No. 12-1. Plaintiff avers that this cash assistance is a loan from her mother, while the Commissioner counters that it is unearned income that should be deducted from Plaintiff's monthly SSI benefits. Pl.'s Pet. ¶¶ 13–14, ECF No. 1; Def.'s Mem. Supp. Mot. 3, ECF No. 12-1. Plaintiff submitted both an electronic Request for Reconsideration on April 6, 2021, Fleming-Waters Decl. ¶ 10, ECF No. 12-2 (citing Exh. G, ECF No. 12-9), and a paper Request for Reconsideration on October 21, 2021, *id.* ¶ 11 (citing Exh. I, ECF No. 12-11). Plaintiff subsequently filed the Petition, asserting that the Commissioner owes Plaintiff a "duty to ensure that reconsiderations and formal reviews are provided to persons eligible for disability benefits under the United States Constitution, the laws of the United States, and regulations and policies of the [SSA]." Pl.'s Pet. ¶¶ 20–21, ECF No. 1. On February 4, 2022, the SSA denied Plaintiff's Request for Reconsideration. Fleming-Waters Decl. ¶ 12 (citing Exh. K, ECF No. 12-13).

The Commissioner filed the Opposition/Motion on June 22, 2022. ECF No. 12. After receipt of the Opposition/Motion, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff

*Dee F. v. Kijakazi*
Civil No. SAG-21-3270
August 31, 2022
Page 2

that same day.  ECF No. 13.  This notice alerted Plaintiff to the potential consequences of a failure to respond to the Commissioner's Opposition/Motion.[1]  On July 28, 2022, Plaintiff filed a motion for extension of time to file a response, ECF No. 14, which the Court granted, setting August 8, 2022, as the Plaintiff's new response deadline.  ECF No. 15.  Plaintiff failed to respond by the extended deadline and has not filed a response as of the date of this Order.  Therefore, I find that Plaintiff had ample opportunity to respond to the Commissioner's Opposition/Motion yet failed to do so.

This Court is mindful of its obligation to liberally construe self-represented pleadings.  *See Levy v. Howard Cnty. Maryland*, No. CV SAG-21-2800, 2022 WL 703927, at *1 (D. Md. Mar. 9, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim.  *Id.* (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented")).[2]

"Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner."  *Levy*, 2022 WL 703927, at *1.  The Fourth Circuit has held:

> [T]o establish the conditions necessary for issuance of a writ of mandamus, the party seeking the writ must demonstrate that (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

*U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502 (4th Cir. 1999) (citing *Kerr v. U.S. Dist. Ct., N. Dist. Cal.*, 426 U.S. 394, 403 (1976); Estate of Michael ex rel. Michael v. Lullo, 173 F.3d 503, 512–13 (4th Cir. 1999)); *see also Yi v. U.S. Supreme Ct.*, No. CV TDC-15-3731, 2016 WL 54804, at *2 (D. Md. Jan. 4, 2016).

Here, Plaintiff's Request for Reconsideration was denied on February 4, 2022.  Fleming-Waters Decl. ¶ 12, ECF No. 12-2 (citing Exh. K, ECF No. 12-13).  Thus, "where the relief sought

---

[1] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  *See, e.g.*, *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

[2] The Court also notes that though unrepresented, Plaintiff is a seasoned self-represented litigant in this Court, having filed over 35 cases against a variety of defendants over the past three decades.

by a party has been provided there is no longer a case or controversy involved, depriving this Court of its jurisdiction to intervene in a matter." *Burk v. FDA*, Civil Action No. RDB-19-73, 2019 WL 2010195, at *2 (D. Md. May 6, 2019). Plaintiff's Petition is therefore moot.[3] Under FRCP 12(b)(1) and (h)(3), the Court shall dismiss an action whenever it appears that it lacks subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)).

For the reasons set forth herein, Plaintiff's Petition for Writ of Mandamus, ECF No. 1, is DENIED; Defendant's Motion to Dismiss, ECF No. 12, is DENIED as moot; and this case is DISMISSED with prejudice.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

---

[3] Additionally, this Court does not have jurisdiction to review the February 4, 2022 denial of reconsideration. The Social Security Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust her administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* § 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200. Plaintiff here received the denial of a request for reconsideration on February 4, 2022, and did not appeal it. Fleming-Waters Decl. ¶ 12, ECF 12-2 (citing Exh. K, ECF No. 12-13). Accordingly, this Court lacks jurisdiction to review the SSA's decision because it was not a final decision subject to judicial review.

As this Court has previously determined, even if Plaintiff's mandamus relief argument "were construed liberally to constitute a constitutional due process argument, an agency's decision not to reopen a prior, final benefits decision is discretionary and does not constitute a final decision of the Secretary that is subject to judicial review." *Meyers v. Berryhill*, No. CV CCB-18-3353, 2018 WL 5983381, at *3 (D. Md. Nov. 14, 2018) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977)).

*Dee F. v. Kijakazi*
Civil No. SAG-21-3270
August 31, 2022
Page 4

                                              Sincerely yours,

                                                /s/
                                            Stephanie A. Gallagher
                                            United States District Judge